UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DUSTY VAUGHN, | ) |
| Petitioner, | ) |
| v. | ) No. 2:18-cv-00454-JMS-DLP |
| RICHARD BROWN, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Dusty Vaughn for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVE 18-02-0053. For the reasons explained in this Entry, Mr. Vaughn's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On February 9, 2018, Sgt. Norton wrote a Conduct Report that charged Mr. Vaughn with Class A offense 102, Assault With Bodily Fluid. The Report of Conduct stated:

> On 02/09/18 @ approximately 0318 hours, I Sergeant Norton #336, while attempting to get offender Vaughn, Dusty #171917 to comply with orders to be placed in mechanical restraints in DRHU strip cell, was assaulted with bodily fluid. Vaughn refused to comply with orders and spit at me, hitting me on the left side of my face. Vaughn was identified by State wristband and DRHU Seg roster.

Dkt. 9-1.

After an initial hearing was conducted, on appeal the Indiana Department of Correction decided to rehear the case. Dkt. 9-2.

Mr. Vaughn was rescreened on June 22, 2018, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 9-3. The Screening Report noted that Mr. Vaughn did not wish to call any witnesses, but as physical evidence he asked for video from 3:00 a.m. to 4:00 a.m. on February 9, 2018. *Id*. Mr. Vaughn pleaded not guilty, did not request a lay advocate, and did not waive 24-hour notice of the hearing. *Id*.

The hearing officer conducted a second disciplinary hearing on June 29, 2018. Dkt. 9-4. At the rehearing, Mr Vaughn stated, "I never spit on staff. I never refused orders to cuff up. I am disputing the conduct report and Sgt. Norton was acting on the video." *Id*.

The hearing officer determined that Mr. Vaughn violated Class A offense 102, battery. *Id*. The evidence on which the hearing officer relied consisted of staff reports, the statement of the offender, and video evidence. *Id*. The hearing officer cited this evidence as the reason for the decision. *Id*. Because of the seriousness of the offense and the degree to which the violation disrupted/endangered the security of the facility, the sanctions imposed were a written reprimand, 360 days in disciplinary restrictive housing, and an earned credit time deprivation of 360 days. *Id*.

On appeal, the 360-day deprivation of earned credit time was reduced to 180 days. Dkt. 9-5. Mr. Vaughn filed this habeas action on October 4, 2018, and it is ripe for resolution.

C.  Analysis

Mr. Vaughn alleges that his due process rights were violated in the disciplinary proceeding. He alleges that: 1) the written statement by the factfinder of evidence relied upon and reasons for the disciplinary action was insufficient; 2) he was denied an impartial hearing officer; and 3) the conduct report was false because it was not written by Sergeant Norton and not supported by the video.

"Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* Although the hearing officer's written statement of decision was brief, it was sufficient to comport with due process. "[W]hen the charge is straightforward, the Board need say only that it believed the conduct report." *Calligan v. Wilson,* 362 Fed. Appx. 543, 545 (7th Cir. 2009); *see also Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007). The hearing officer listed the evidence that was considered in determining that Mr. Vaughn was guilty of the charged offense. *See Jemison*, 244 Fed. Appx. at 42 (holding that the hearing officer's statement "that it relied on staff reports and [the inmate's] own statement at the hearing" was sufficient because the hearing officer "had only to weigh [the officer's] statement against [the inmate's]"). There was no due process error in this regard.

Mr. Vaughn next argues that he was denied an impartial decisionmaker. He contends that the hearing officer checked a box of "guilty" before the hearing even started, indicating that he

was biased and had made up his mind before reviewing any evidence. "Adjudicators are entitled to a presumption of honesty and integrity." *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). "[T]he constitutional standard for impermissible bias is high." *Id.* A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Id.* at 667. Here, there is no evidence that the hearing officer was improperly involved in any of the events leading to the charge. In addition, it is not clear from the record that the hearing officer checked the "guilty" box before hearing evidence. Mr. Vaughn's claim that the hearing officer was biased fails.

Mr. Vaughn's final claim is that the conduct report was "false." He asserts that Sergeant Norton did not write the conduct report. He is mistaken. Sergeant Norton was the officer involved in the incident and he wrote the conduct report. Dkt. 9-1. Officer Talbot is listed as a witness, not the author of the report. *Id*.

To the extent Mr. Vaughn also argues that Sergeant Norton was "acting" on the video, the Court cannot reweigh the evidence. Moreover, the video shows Mr. Vaughn in the strip cell talking to two correctional officers. Sergeant Norton has been identified as the one standing to the left and wearing a light shirt. Dkt. 9 at 3. At 00:38 of the 1:54 video, Mr. Vaughn can be seen leaning into Sergeant Norton who immediately puts his hand up to the left side of his face, wipes his face twice, starts to walk away, stops and turns back and shows Mr. Vaughn his hand, then turns and leaves the area. Dkt. 13 (video). The video evidence supports the hearing officer's decision.

Mr. Vaughn was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Vaughn's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Vaughn to the relief he seeks. Accordingly, Mr. Vaughn's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/31/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DUSTY VAUGHN
171917
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov